UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SHAWN KARST | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-49-TLS |
| | ) | (1:13-CV-264) |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 63] filed on September 9, 2013. The Defendant, who is now proceeding pro se, contends that the Indictment [ECF No. 1] against him was defective. For the reasons set forth in this Opinion and Order, the Defendant's Motion is denied.

**BACKGROUND**

On July 27, 2011, a federal grand jury returned a two count Indictment [ECF No. 1] against the Defendant, charging him with two violations of 21 U.S.C. § 841(a)(1) for manufacturing and possessing with intent to distribute 100 or more marijuana plants, a Schedule 1 Controlled Substance. The original copy of the Indictment, as filed and maintained with the Clerk of the Court, includes the foreperson's original signature; the redacted copy of the Indictment, available on the public docket, contains the foreperson's redacted signature.

On November 10, 2011, the Defendant and the Government filed a Plea Agreement in which the Defendant agreed to plead guilty to Count 1 of the Indictment charging him with manufacturing 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1), in exchange for the dismissal of Count 2 of the Indictment charging him with possessing with intent to

distribute 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1). (Plea Agr. ¶ 8(a) & 8(d), ECF No. 20.) The Plea Agreement contained the Defendant's acknowledgment that he "received a copy of the Indictment and ha[s] read and discussed it with [his] lawyer." (*Id*. at ¶ 2.) The Plea Agreement also contained the following waiver:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(*Id*. at ¶ 8(I).)

On December 1, 2011, the Magistrate Judge conducted a change of plea hearing, at which the Defendant, pursuant to the Plea Agreement, pled guilty to Count 1 of the Indictment [ECF No. 23].

Prior to accepting the Defendant's plea, the Magistrate Judge took the Defendant's oath and made detailed inquiry into his competence to plead, the voluntariness of his plea, and his understanding regarding specific terms of the Plea Agreement. The Magistrate Judge found that the Defendant was fully competent and capable of entering an informed plea, that the Defendant was aware of the charges and the consequences of the plea, and that the plea of guilty was knowing and voluntary, and supported by an independent basis in fact containing each of the

essential elements of the offense. The Magistrate Judge specifically inquired regarding (1) the Defendant's waiver of his right to appeal his conviction, sentence, and any restitution order imposed or the manner in which his conviction, sentence, or restitution order was determined or imposed; and (2) his waiver of his right to collaterally attack through a habeas corpus petition his conviction, sentence, or restitution order and the manner by which his conviction, sentence, or restitution order was imposed. During the hearing colloquy, the Defendant affirmed his understanding of all terms contained within the Plea Agreement. Accordingly, the Court accepted the plea and adjudged the Defendant guilty of the offense on December 28, 2011.

On September 12, 2012, the Court sentenced the Defendant to 60 months imprisonment for Count 1 [ECF No. 55]. On September 9, 2013, the Defendant filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 63]. The Government filed a Response on October 18, 2013 [ECF No. 65], and the Defendant filed a Reply [ECF No. 66] on November 18, 2013.

**DISCUSSION**

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v.*

*United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). "[R]elief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks and citation omitted).

The Defendant contends that he is entitled to relief because (1) the Indictment available on the public docket lacks the Foreperson's original signature; and (2) the Foreperson's record of the number of jurors concurring in the Indictment is not available on the public docket. Because of these alleged defects, the Defendant claims that the United States Attorney has "perpetrated a fraud upon the court," and therefore, the Court is deprived of subject matter jurisdiction to hear his criminal case. (Def.'s Mot. to Vacate 27, ECF No. 63.) The Government counters that the indictment process was valid and that the Court was not deprived of subject matter jurisdiction to hear the Defendant's criminal case. Accordingly, the Government argues that the Defendant's claims are barred by the waiver provision as contained within his Plea Agreement.

**A.     Waiver Provision**

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v.*

*United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999)). The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Id.* (quoting *Jones*, 167 F.3d at 1144–45); *see also Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012).

Here, the Defendant's Plea Agreement contains a provision that waives the right to appeal and the right to collaterally attack the conviction and sentence, "including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The waiver provision is both clear and unambiguous, and the Defendant does not argue otherwise. However, the Defendant contends that the waiver provision is unenforceable because the Court lacks subject matter jurisdiction over his criminal case.

1. ***Alleged Defects***

As an initial matter, subject matter jurisdiction is the "courts' statutory or constitutional power to adjudicate [a] case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Pursuant to 18 U.S.C. § 3231, the district courts of the United States have subject matter jurisdiction over "all offenses against the laws of the United States." The United States Supreme Court has specifically held that "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Seventh Circuit has further held that the absence of the foreperson's signature, as required by Federal Rule of

Criminal Procedure 6(c), is a technical defect that does not necessarily invalidate the indictment. *United States v. Irorere*, 228 F.3d 816, 830–31 (7th Cir. 2000) (citing *Hobby v. United States*, 468 U.S. 339, 345 (1984) (stating that "[e]ven the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment.")). Accordingly, even if the Indictment at issue was defective, the Court is not deprived of subject matter jurisdiction over the Defendant's criminal case.

Secondly, the Defendant fails to establish a defect in the Indictment. According to the Defendant, the Indictment available on the public docket is defective because it contains only the foreperson's redacted signature—not the foreperson's actual signature. However, the Court has reviewed the original Indictment and confirms that it does, in fact, contain the foreperson's original signature in compliance with Federal Rule of Criminal Procedure 6(c) and the Northern District of Indiana CM/ECF Manual. *See* Fed. R. Crim. P. 6(c) ("[t]he foreperson . . . will sign all indictments."); Northern District of Indiana CM/ECF Manual 5–6 (rev. Jan. 31, 2014) ("[t]he electronically filed document shall be completed and shall contain a signature in all places in which the original document contains a signature. The conventionally filed document shall contain original signatures."). Because of the sensitive nature of federal grand jury proceedings, the foreperson's signature is redacted from the public docket to protect the foreperson's identity. This practice is neither uncommon nor improper. *See, e.g., United States v. Curls*, 219 F.App'x. 746, 751 (10th Cir. 2007) ("Rule 6(c) does not require the signature of the foreman to appear in the copy of the indictment that is placed in the public file"). And contrary to the Defendant's contention, a lack of the foreperson's original signature on the public docket does not indicate that the grand jury failed to issue an indictment. *See Russell v. United States*, 369 U.S. 749, 771

6

(1962) ("The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge") (internal quotations and citation omitted).

The Defendant also argues that Federal Rule of Criminal Procedure 6(c) requires the Foreperson's record of the number of grand jurors concurring in the Indictment to be entered in the public docket. Because this was not done, the Defendant, again, claims that he was never indicted. However, Federal Rule of Criminal Procedure 6(c) requires only that the Foreperson's record of the number of jurors concurring in the Indictment be filed with the Clerk. *See* Fed. R. Crim. P. 6(c) ("The foreperson—or another juror designated by the foreperson—will record the number of jurors concurring in every indictment and will file the record with the clerk"). No requirement exists for public docketing of the Foreperson's record of the number of jurors. In fact, Rule 6(c) provides that such records "may not be made public unless the court so orders." Grand jury returns are presented to a Magistrate Judge in a sealed proceeding. The Magistrate Judge examines the vote in each case to confirm that a sufficient number of grand jurors voted for an indictment to be issued. The Court has confirmed here that the Foreperson's record of the number of jurors concurring in the Indictment was filed with the Clerk of the Court and contained a sufficient number of grand jurors voting for the Indictment to be issued. Moreover, the Court has not ordered that such record be available on the public docket.

For the foregoing reasons, the Court finds that the Indictment is not defective and that the Defendant's claims challenging this Court's subject matter jurisdiction over his criminal case are without merit.

## 2. *Knowing and Voluntary Waiver*

The Defendant also appears to argue that the waiver provision in his Plea Agreement is unenforceable because his guilty plea was not entered into knowingly and voluntarily. (*See* Def.'s Mot. to Vacate 14) ("Alternately, [the Court] should set aside [the Defendant's] sentence as his guily plea was not knowing and voluntary.").

At the outset, in making such a claim, the Defendant is asking the Court to effectively disregard his statements made within the Plea Agreement and at the change of plea hearing. Throughout the written Plea Agreement, which the Defendant signed, the Defendant expressed his understanding of his rights and the various waivers contained in the Plea Agreement. In Paragraph 11, the Defendant stated his belief that he "underst[oo]d the proceedings in this case against [him]." In Paragraph 12, he declared that he "offer[ed] [his] plea of guilty freely and voluntarily and of [his] own accord," and that "no promises ha[d] been made to [him] other than those contained in this agreement, nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement."

Further, at his change of plea hearing, the Defendant stated under oath that he understood the terms of the Plea Agreement. This statement is strongly presumed to be true. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). While such statements are not an insurmountable barrier to relief, overcoming the presumption of verity afforded to sworn statements made at a change of plea hearing is an "uphill battle." *United States v. Bowlin*, 534 F.3d 654, 659–60 (7th Cir. 2008); *see also Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986) (stating that "the representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.")

Here, aside from a lone assertion in his Motion, the Defendant has failed to put forth any evidence to show that he would not have accepted the Plea Agreement if he had been aware of the alleged defects in the Indictment process. Accordingly, the Defendant's 28 U.S.C. § 2255 Motion is barred under the waiver provision of the Plea Agreement.

**B.     Evidentiary Hearing Request**

The Defendant has requested that the Court conduct an evidentiary hearing to develop the record regarding the claims he presents. A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds that the Defendant's Motion along with the files and records of this case conclusively show that the Defendant is entitled to no relief. Consequently, an evidentiary hearing is not warranted, and the Court denies his request.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 63] is DENIED.

SO ORDERED on January 27, 2015.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT